# P. G. CAMARINOS *vs.* JOHN KIDWELL.

## MOTION FOR REHEARING.

HEARING, NOVEMBER 3, 1893.     DECISION, NOVEMBER 8, 1893.

JUDD, C.J., BICKERTON J., AND COOPER, CIRCUIT JUDGE.

On a motion for a rehearing it appearing that the Court had before it an account sales which was not before the jury, and on production of the account sales which had been produced before the jury, it appearing that they did not alter the situation of the case—the Court declined to grant the motion.

### OPINION OF THE COURT, BY JUDD, C.J.

This is a motion for a rehearing of this case which was heard and decided on the 14th September, 1893, on the defendant's exceptions.

The ground of the motion is substantially this:   That the Court in its consideration of the exception to the verdict as being contrary to the evidence  did not have before it certain account sales of pineapples shipped by defendant to San Francisco from Honolulu though these were  before the jury, but had before it, in place thereof, another and a different account made by Mr. Gulick as the agent of the defendant. It was admitted by plaintiff's counsel that the account which was before the Court on  the exceptions marked Exhibit D, had been filed in the first trial of this case in which the jury disagreed and was not filed at the second trial, which resulted in a verdict for plaintiff.  The account sales had not been formally filed, but the witness Gulick had referred to them, and they were now produced before the Court and their authenticity substantiated by affidavit. They are also admitted by plaintiff's counsel to be the exhibits shown to the jury.

The issue in question before the jury was the market value at San Francisco of the best kinds of pineapples, Sugar Loaves, Smooth Leaved Cayennes, Queens, etc., under an instruction that the rule for measuring the damage sustained by plaintiff in consequence of the contract being rescinded by the fault of the defendant, was the difference between the market value of the product at San Francisco and the contract price of 35 cents per pineapple. The evidence on the part of the plaintiff, which was taken by deposition in San Francisco, was that pineapples of the description called for in the contract in good condition brought from $6, the lowest price, to $12 per dozen, which is the highest price quoted. Against this was the production, on behalf of defendant, of the account sales of pineapples shipped by Mr. Gulick to the firm of Vervalin & Rowe, and received by them from June 24th to August 3d, 1891, on account of the defendant. We remarked that "Exhibit D," which was before us, showing much less profit, was not conclusive for the reason that the ordinary or Hawaiian pineapples were included in the consignments with the best qualities, the subject of this contract, and the prices realized from each were not separately stated. We say now that the account sales shown to the jury are even less "conclusive" than the Exhibit D shown us—for the former speak of so many crates of pineapples received, not designating them whether they were "best" or "Hawaiian." The amount for which the crates of pines sold is carried out in gross and it was impossible for the jury to conjecture what was the price realized per single pine of the best varieties. Only one account sales states the number of crates of "best" and of Hawaiian in the shipment, but here the number of pines in the different crates is not given. The jury had before it the statement of the witness Gulick that during the period of these shipments the prices of the quality in question realized as by one invoice $18\frac{1}{2}$ cents and by another 23 cents. But they had as we have said the other statements of San Francisco dealers of higher prices. The jury were the judges of

the weight of the evidence and the credibility of the witnesses and found their verdict accordingly.

The Court in declining to disturb their verdict merely remarked that the account sales before us, " Exhibit D," were not *conclusive* for the reason stated. The account sales now produced do not alter the situation. The whole period for which damages were claimed embraced a period of time of more than a year after the date of the last of these account sales—that is, to December 31, 1892.

We therefore decline to allow a rehearing on the exceptions.

*P. Neumann*, for plaintiff.

*C. W. Ashford*, for defendant.